# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **JOHN LARKIN, Individually and on Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § § | **CIVIL ACTION NO. 1:13-cv-01363-AKH** |
| | § § | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| **THE SCOTTS COMPANY, LLC, and EG SYSTEMS, INC.,** | § § | **ECF CASE** |
| **Defendants.** | § § § | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COLLECTIVE ACTION AND CLASS ACTION COMPLAINT & JURY DEMAND

Now come Plaintiffs John Larkin, Kevin Almonte, David Tinsley, and Rene Pineda on behalf of themselves and all others similarly situated, against Defendant The Scotts Company, LLC, and EG Systems, Inc. (collectively "Defendants") and allege the following:

## SUMMARY

1.  Plaintiffs are non-exempt former employees of Defendants who worked more than forty (40) hours in a workweek as a lawn care technician/specialists also known as territory service representatives for Defendants. Defendants required and/or permitted Plaintiffs to work in excess of forty (40) hours per week; however, Defendants failed to compensate Plaintiffs at the rate of one and one-half times their regular rates of pay for all hours over forty. Furthermore, Defendants failed to compensate Plaintiffs at the federally and/or state mandated minimum wage rate.

2.  Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for overtime work at the FLSA mandated

1

overtime wage rate. 29 U.S.C. § 207(a). Furthermore, Plaintiffs were not compensated at the FLSA required minimum wage rate. 29 U.S.C. § 206.

3. Defendants likewise do not pay proper overtime and/or minimum wage to other similarly situated workers throughout the United States. Plaintiffs brings a collective action to recover unpaid overtime compensation and minimum wage owed to them and on behalf of all other similarly situated employees, current and former, who worked for Defendants at any time during the three years prior to the filing of this lawsuit. Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

4. Additionally, Defendants' failure to pay overtime compensation and failure to compensate Plaintiffs and all other non-exempt employees who worked for Defendants at a rate equal to or in excess of New York's required minimum wage violates New York Labor Law ("NYLL"). N.Y. Lab. Law §650 *et seq.* (and any supporting regulations). Plaintiff Larkin, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Members of the Rule 23 Class Action are hereinafter referred to as the "New York Class Members."

5. Furthermore, when Plaintiff Larkin and all other New York Class Members worked more than ten hours in a single work day, they were not paid according to the New York Department of Labor spread of hour regulations. N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4. Plaintiff brings this claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. As noted above, members of the Rule 23 Class Action are hereinafter referred to as the "New York Class Members."

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff John Larkin is an individual residing in Nassau County, New York. Plaintiff's written consent form has been previously filed with the Court. During the relevant period, said Plaintiff was employed by Defendants as a territory service representative.

7. Plaintiff Kevin Almonte is an individual residing in Passaic County, New Jersey. Plaintiff's written consent form has been previously filed with the Court. During the relevant period, said Plaintiff was employed by Defendants as a territory service representative.

8. Plaintiff David Tinsley is an individual residing in Carter County, Tennessee. Plaintiff's written consent form has been previously filed with the Court. During the relevant period, said Plaintiff was employed by Defendants as a territory service representative.

9. Plaintiff Rene Pineda is an individual residing in Montgomery County, Pennsylvania. Plaintiff's written consent form has been previously filed with the Court. During the relevant period, said Plaintiff was employed by Defendants as a territory service representative.

10. At all relevant times, Plaintiffs were "employees" of Defendants as defined by the FLSA.

11. At all relevant times, Plaintiffs were "employees" of Defendants as defined by the NYLL.

12. Defendant The Scotts Company, LLC is a foreign limited liability company doing business in the state of New York. Said Defendant has been properly served and has made an appearance in this case.

13. Defendant EG Systems, Inc. is a foreign business corporation doing business in the state of New York. Said Defendant has been properly served and has made an appearance in this case.

14. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the state of New York and established minimum contacts sufficient to confer jurisdiction over said Defendants. The assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

15. Defendants had and continue to have continuous and systematic contacts with the state of New York sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in New York by providing lawn care and maintenance services throughout New York.

16. Defendants employ workers and contract with residents and businesses in New York.

17. This cause of action arose from or relates to the contacts of Defendants with New York residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

18. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

19. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because such claims do not raise novel or complex issues of state law, and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

4

20. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(d) because Defendants reside in the Southern District of New York, have operations in the Southern District of New York, and a portion of the events forming the basis of this suit occurred there.

## COVERAGE

21. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

22. At all material times, Defendants have been an employer within the meaning of N.Y. Lab. Law §651(6).

23. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

24. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

25. At all material times, Plaintiffs and FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

26. At all material times, Plaintiffs and New York Class Members were employees of Defendants within the meaning of N.Y. Lab. Law §651(5).

27. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

28. Defendants represent themselves to the general public as one company—Scotts—operating at multiple locations.  They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name.  Defendants advertise together on the same website, provide the same array of services to its customers, and use the same business model.  Defendants provide the same service product to its customers by using a set formula when conducting its business.  Part of that set formula is the wage violation alleged in this complaint.  These facts represent a classic example of "corporate fragmentation."

29. Additionally, Defendants are subject to common control and management.

30. Thus, Defendants formed a "single enterprise" and are each liable for the violations of the other.

31. Moreover, Defendants formed a joint employment relationship with respect to the Plaintiff, FLSA Class Members, and New York Class Members.

32. Defendants had an interrelation of operations between the companies, centralized control of labor relations, common control, and a common business purpose.

33. Defendants controlled the hours to be worked by Plaintiff, FLSA Class Members, and New York Class Members.

34. Defendants had a common business purpose to provide lawn care services to their customers.

35. Defendants' operations were unified and Defendants shared control over the work of Plaintiffs, FLSA Class Members, and New York Class Members. Thus, Defendants are each directly liable for the violations in this case.

6

## FACTS

36. Defendants provide lawn, tree, and shrub care and maintenance services throughout the United States and New York.

37. Defendants employed Plaintiffs, FLSA Class Members, and New York Class Members to perform these services.

38. Lawn care technicians/specialists also known as territory service representatives are landscapers who perform the manual duties of cutting grass, trimming trees and trimming bushes.

39. Defendants also employ sales representatives whose job is to contact potential customers.

40. Plaintiffs, FLSA Class Members, and New York Class Members are not exempt from overtime pay or from receiving pay at the federal and/or state minimum wage rate.

41. During the relevant time period, Defendants compensated Plaintiffs, FLSA Class Members, and New York Class Members pursuant to the "fluctuating work week" ("FWW") method.

42. However, Defendants improperly implemented the FWW method of pay.

43. Because Defendants did not comply with the law, Plaintiffs were paid at rates less than what the law requires and thus, they are owed significant damages.

44. The FWW method, when properly implemented, allows an employer to pay its non-exempt employees at ½ the employees' regular rates of pay (the "half time" premium) for any hours worked over 40 as opposed to paying the employees 1 and ½ times their regular rates of pay.

7

45. Under the FLSA, Section 778.114 is the regulation governing the FWW method of pay. Section 778.114 provides, in pertinent part, as follows:

> Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

29 C.F.R. § 778.114(a).

46. Thus, to utilize the FWW method, the following elements must be satisfied:

(1) the employee's hours fluctuate from week to week,

(2) there is a clear mutual understanding amongst the employee and employer,

(3) that the employee will receive a fixed salary,

(4) for every hour worked, and

(5) the amount of the salary provides compensation to the employee at least at the minimum wage rate for all hours worked.

47. During the relevant time period, Defendants paid Plaintiffs, FLSA Class Members, and New York Class Members supplementary payments and bonuses in addition to their regular salary.

48. The supplementary payments and bonuses that Defendants paid Plaintiffs, FLSA Class Members, and New York Class Members were directly tied to hours worked, days worked,

8

and/or the amount of time that was worked.  In fact, the supplementary payments and bonuses were contingent upon hours worked, days worked, and/or the amount of time that was worked.

49. The amount of the supplementary payments and bonuses that the Plaintiffs, FLSA Class Members, and New York Class Members received varied from week to week.

50. Consequently, the gross amounts that the Plaintiffs, FLSA Class Members, and New York Class Members received each week were not fixed, as the law requires.

51. Additionally, the supplementary payments and bonus payments were not factored into the regular rates of pay for the Plaintiffs, the FLSA Class Members, and the New York Class Members.

52. Thus, the Plaintiffs, FLSA Class Members, and New York Class Members were paid overtime at rates less than what is mandated under the FWW.

53. Further, Defendants made deductions from the pay of the Plaintiffs, the FLSA Class Members, and the New York Class Members that were impermissible under the FWW method.

54. In particular, when the Plaintiffs, the FLSA Class Members, and the New York Class Members worked less than 40 hours in a week, Defendants reduced their pay in proportion to the number of hours below 40 that were not worked that week.

55. Defendants determined a fixed hourly rate of pay for the Plaintiffs, the FLSA Class Members, and the New York Class Members by dividing their weekly salaries by 40 hours.  When the Plaintiffs, the FLSA Class Members, and the New York Class Members worked less than 40 hours, their pay was determined by multiplying the total number of hours worked that week by the fixed hourly rate.  Thus, the Plaintiffs, the FLSA Class Members, and the New York Class Members never received fixed salaries as the law requires.

9

56. Moreover, Defendants violated the law because there was no clear and mutual understanding reached between the Plaintiffs, the FLSA Class Members, the New York Class Members, and Defendants.  The Plaintiffs, the FLSA Class Members, and the New York Class Members were essentially paid as hourly employees but without overtime pay at the rate of time and one-half their regular rates of pay for every hour worked over 40 in a week.

57. Additionally, there were weeks when Plaintiffs', the FLSA Class Members', and the New York Class Members' pay fell below that applicable minimum wage rate; and the compensation provided to the Plaintiffs, the FLSA Class Members, and the New York Class Members was at rates less than the applicable overtime rate for every hour worked over forty in a work week.

58. Given that Defendants improperly implemented the FWW method, the Plaintiffs, FLSA Class Members, and New York Class Members were denied overtime at the rates mandated under the FLSA and N.Y. Lab. Law §650.

59. Specifically, the Plaintiffs, FLSA Class Members, and the New York Class Members received compensation at rates less than time and one half their regular rates of pay for those hours worked over forty.

60. Further, the Plaintiffs and the New York Class Members contend that the FWW method of pay is inconsistent with the New York Labor Law and is impermissible under New York law.

61. Additionally, Defendants violated the NYLL by failing to compensate the Plaintiffs and The New York Class Members according to the New York Department of Labor spread of hour regulations when they worked more than ten hours in a single work day.  N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4.

62. The Plaintiffs and New York Class Members frequently worked more than ten hours in one shift for Defendants. However, when they did so, Defendants did not pay any additional wages to the Plaintiffs and New York Class Members in violation of New York law.

63. Defendants' method of paying the Plaintiffs, FLSA Class Members, and the New York Class Members was in violation of the FLSA and NYLL and was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA or the NYLL.

## COLLECTIVE ACTION ALLEGATIONS
### (FLSA Class Members)

64. Plaintiffs have knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, the Plaintiffs worked with other employees of Defendants who were paid pursuant to the FWW method that fails to comply with the law.

65. Other employees similarly situated to the Plaintiffs work or have worked for Defendants, but were not paid overtime at the rate of one and one-half times their regular rates when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

66. Although Defendants permitted and/or required FLSA Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

67. The FLSA Class Members perform or have performed the same or similar work as the Plaintiffs.

68. The FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

69. The FLSA Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

70. As such, the FLSA Class Members are similar to the Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime wage.

71. Defendants' failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

72. The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the FLSA Class Members.

73. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

74. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

75. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

76. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

77. As such, Plaintiffs bring their FLSA overtime and minimum wage claims as a collective action on behalf of the following class:

> **All current and former territory service representatives employed by E.G. Systems, Inc. d/b/a Scotts LawnService and all other current or**

**former employees of E.G. Systems, Inc. d/b/a/ Scotts LawnService performing substantially similar duties to territory service representatives who were paid for at least one workweek under the fluctuating workweek method of pay during the period February 28, 2010 through the present at any E.G. Systems, Inc. d/b/a Scotts LawnService location in the United States.**

## CLASS ACTION ALLEGATIONS
### (New York Class Action)

78. Plaintiff Larkin and the New York Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

79. Plaintiff Larkin brings his NYLL overtime, minimum wage, and spread of hours claims as a Rule 23 class action on behalf of the following class:

> **All current and former employees in New York who were paid for at least one week under the fluctuating workweek method during the six-year period before the filing of this Complaint up to the present**

80. Although Plaintiff Larkin does not know the precise number of members of the proposed class, there are hundreds, and the members of the class are so numerous that their individual joinder is impractical. The identity of the members of the class is readily discernible from Defendants' records.

81. Plaintiff Larkin and the proposed class on one hand, and Defendants on the other, have a commonality of interest in subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

82. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include but are not limited to the following:

a) Whether Plaintiff and the New York Class Members are entitled to minimum wages under New York law;

b) Whether Plaintiff and the New York Class Members worked hours in excess of forty per work week;

c) Whether Plaintiff and the New York Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as proscribed by New York Law.

d) Whether Defendants failed to properly implement the FWW method of pay;

(e) Whether Defendants failed to include supplementary payments and bonus payments in the calculation of the regular rates of pay for the Plaintiff and the New York Class Members;

(f) Whether Defendants paid the Plaintiff and New York Class Members additional wages when they worked in excess of ten hours per shift; and

(g) Whether the FWW method of pay is compatible with New York Labor Law.

83. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

84. Plaintiff Larkin's claims are typical of the claims of the class because they were not paid overtime wages in accordance with state laws.

85. Plaintiff Larkin is an adequate representative of the class because his interests do not conflict with the interests of the class that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

86. The class action under New York state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the New York Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207
## (COLLECTIVE ACTION)

87. Plaintiffs and FLSA Class Members incorporate all allegations contained in the foregoing paragraphs.

88. Defendants' practice of failing to pay Plaintiffs and FLSA Class Members the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

89. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs and FLSA Class Members.

## COUNT TWO:  VIOLATION OF 29 U.S.C. § 206
## (COLLECTIVE ACTION)

90. Plaintiffs and FLSA Class Members incorporate all allegations contained in the foregoing paragraphs.

91. Defendants' practice of failing to pay Plaintiffs and FLSA Class Members at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.

92. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiffs and FLSA Class Members.

## COUNT THREE:  VIOLATION OF NEW YORK LABOR LAW –
## OVERTIME (CLASS ACTION)

93. Plaintiff Larkin and the New York Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

94. This count arises from Defendants' violation of N.Y. Lab. Law §190 *et seq.* and N.Y. Lab. Law §650 *et seq.* (and any supporting regulations), for their failure to pay Plaintiff and the New York Class Members all their overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the New York Class Members were entitled to receive one and one half times their regular rates of pay.

95. Defendants violated N.Y. Lab. Law §190 *et seq.* and N.Y. Lab. Law §650 *et seq.* by failing to compensate Plaintiff and the New York Class Members consistent with the overtime provisions.

96. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and

the New York Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT FOUR:  VIOLATION OF NEW YORK LABOR LAW – MINIMUM WAGE (CLASS ACTION)

97. Plaintiff Larkin and the New York Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

98. N.Y. Lab. Law §652 requires employers to pay their non-exempt employees a minimum wage. Plaintiff and the New York Class Members are employees entitled to minimum wage pursuant to the NYLL.

99. Defendants compensated Plaintiff and the New York Class Members in whole or in part using the FWW method. This pay system did not ensure Plaintiff and the New York Class Members received compensation at the minimum rate.

100.     In denying compensation at the requisite New York minimum rate, Defendants violated the NYLL.

101.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and the New York Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT FIVE:  VIOLATION OF THE NEW YORK LABOR LAW – SPREAD OF HOURS (CLASS ACTION)

102.     Plaintiff Larkin and the New York Class Members incorporate the preceding paragraphs by reference.

103.     This count arises from Defendants' violation of the NYLL; specifically, Defendants' violation of New York State Department of Labor Regulation § 142-2.4, which

stipulates that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee works for ten or more hours.

104.    Defendants violated the NYLL by failing to comply with their obligation to pay Plaintiff and the New York Class Members the additional wages required by N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 on those days when Plaintiff and the New York Class Members in fact worked for ten or more hours.

105. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and the New York Class Members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## WAGE DAMAGES SOUGHT

106.    Plaintiffs, FLSA Class Members, and the New York Class Members are entitled to recover their unpaid minimum wage and overtime compensation.

107.    Plaintiffs, FLSA Class Members, and the New York Class Members are entitled to an amount equal to all of their unpaid minimum wages and overtime wages as liquidated damages. 29 U.S.C. § 216(b).

108.    Plaintiff Larkin and the New York Class Members are entitled to an amount equal to twenty-five percent of their unpaid minimum wages and overtime wages, up to April 8, 2011, and an amount equal to all of their unpaid minimum wages and overtime wages since April 9, 2011, as liquidated damages.  N.Y. Lab. Law. § 663.

109.     Plaintiffs, FLSA Class Members, and the New York Class Members are entitled to recover attorney's fees and costs as required by the FLSA and the NYLL.  29 U.S.C. § 216(b); N.Y. Lab. Law § 663.

## JURY DEMAND

110.     Plaintiffs, FLSA Class Members, and the New York Class Members hereby demand trial by jury on all issues.

## PRAYER FOR RELIEF

111.     For these reasons, Plaintiffs, FLSA Class Members, and the New York Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a)  Unpaid minimum wages for all hours worked in a workweek;

b)  Unpaid overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

c)  Unpaid spread of hours damages for those days when the Plaintiff and New York Class Members worked ten or more hours per shift;

d)  An equal amount of unpaid wages as liquidated damages as required under the FLSA;

e)  An amount equal to twenty-five percent of unpaid wages as liquidated damages as required under the NYLL;

f)  Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA and NYLL;

g)  An order requiring Defendants to correct their pay practices going forward; and

h)  Such other relief to which Plaintiffs, FLSA Class Members, and the New York Class may be entitled, at law or in equity.

Dated: New York, New York
December 20, 2013

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:   /s/ Galvin B. Kennedy
Galvin B. Kennedy (admitted pro hac vice)
Texas State Bar No. 00796870
Don J. Foty
Texas State Bar No. 24050022 (admitted pro
hac vice)
711 West Alabama Street
Houston, Texas  77006
Telephone: (713) 523-0001
Facsimile:  (713) 523-1116

AND

Joshua S. Androphy
New York Fed. Bar No. JA-1481
Michael Faillace & Associates, P.C.
60 E 42nd St., Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile:  (212) 317-1620

ATTORNEYS FOR PLAINTIFFS & CLASS MEMBERS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all parties in this case have been served via first class mail on December 20, 2013.

Joshua S. Androphy